**Harold Ray LEWIS, Appellant,**

v.

**Jack FOXWORTH, Attorney–In–Fact for Walter L. Foxworth and Warren H. Foxworth, Appellee.**

**No. 05–04–01048–CV.**

Court of Appeals of Texas, Dallas.

Aug. 19, 2005.

David R. Weiner, Glast, Phillips & Murray, Dallas, for Appellant.

Blake L. Beckham, Beckham & Thomas, L.L.P., Daylen K. Gallman, Stewart H. Thomas, Tom M. Dees III, Thomas & Dees, PLL, Dallas, for Appellee.

Before Justices MORRIS, LANG, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a jury verdict awarding Jack Foxworth, as attorney-in-fact for Walter L. Foxworth and Warren H. Foxworth, damages for breach of a contract for the sale of real estate. Harold Ray Lewis contends the trial court erred in granting judgment against him because the evidence shows he was excused from performing under the contract. The Foxworths respond that Lewis's performance was not excused and his failure to close the sale was a breach of the contract entitling them to recover $50,000 in earnest money on deposit with the title company. We conclude the evidence is sufficient to show that Lewis's performance under the contract was not excused. We affirm the trial court's judgment.

## I.

In November 2002, Walter and Warren Foxworth as sellers, and Harold Ray Lewis as buyer, executed a contract for the sale of approximately 450 acres of land in Grayson County, Texas. Under the contract, Lewis agreed to pay the Foxworths $1,675,000 in cash for the property. Lewis further agreed to deposit $50,000 in earnest money in an interest bearing escrow account with the title company. In return, the Foxworths agreed to deliver possession of the property to Lewis upon closing. The sale of the property was scheduled to close on January 15, 2003. The contract specified that, in the event Lewis failed to close the sale, the Foxworths were entitled to the earnest money on deposit with the title company as their sole remedy.

In addition to setting forth the payment and delivery obligations, the contract also contained a section entitled "Special Provisions." Under the Special Provisions section, the contract stated:

> Both Seller and Purchaser agree that there are items of Personal Property which will be removed from the Property and that all fixtures which are attached to the Property will remain with the Property, said fixtures including, but not limited to fences, working pens, gates, chutes, water well fixtures, and tanks.

It is undisputed that the Foxworths removed personal items from the property before the sale was due to close. As of the date of the scheduled closing, however, some personal property remained on the land. Lewis did not close the sale on January 15 as required by the contract.

On January 17, 2003, two days after the closing was supposed to occur, the Foxworths sent Lewis a letter stating they were willing to extend the time for closing

to 3:00 p.m. on January 21, 2003. The Foxworths also informed Lewis that if he failed to tender the remaining funds by that time, they would exercise their right to recover the earnest money and terminate the agreement.

Lewis did not tender the money on January 21 and the Foxworths informed Lewis by letter dated January 22 that they were terminating the agreement. When the Foxworths attempted to recover the earnest money from the title company, the title company refused to turn over the funds without a signed release from Lewis. The Foxworths sent two requests to Lewis asking him to sign the necessary release but received no reply. The Foxworths then brought this suit alleging breach of contract and seeking recovery of the $50,000 earnest money as damages pursuant to the terms of the contract.

In response to the Foxworths' claim for breach of contract, Lewis asserted various affirmative defenses including excuse, failure of conditions precedent, anticipatory breach, and failure of consideration. All of the affirmative defenses were based upon Lewis's assertion that the Foxworths failed to remove their personal items from the property before the closing date as required under the contract. The Foxworths moved for summary judgment arguing that Lewis's affirmative defenses were without merit and they were entitled to the earnest money as a matter of law. The trial court declined to grant the Foxworths' summary judgment on their breach of contract claim but granted them a partial summary judgment on Lewis's affirmative defenses of failure of conditions precedent and failure of consideration. Lewis does not challenge on appeal the trial court's decision to grant summary judgment on those defenses.

The breach of contract claim against Lewis was tried to a jury. The jury charge asked the jury to determine whether Lewis failed to comply with his agreement to purchase the land and whether that failure was excused. The charge instructed the jury that Lewis's failure to comply would be excused if, before Lewis was required to perform, the Foxworths either failed to comply with a material obligation of the contract or repudiated the contract. The charge defined "repudiation" as an indication by a party to the contract, either by his words or actions, that he is not going to fulfill his obligations under the contract in the future "showing a fixed intention to abandon, renounce, and refuse to perform the agreement." The jury found that Lewis failed to comply with the contract and his failure was not excused.

Lewis moved for a judgment notwithstanding the verdict. The trial court denied the motion and granted judgment in favor of the Foxworths, awarding them the $50,000 earnest money as well as attorney's fees. Lewis then filed a motion for new trial arguing the evidence was insufficient to support the jury's finding that his failure to comply with the contract was not excused. The trial court denied the motion for new trial. This appeal ensued.

## II.

■ In his sole point of error, Lewis contends the evidence is legally and factually insufficient to support the jury's finding that he was not excused from complying with his contractual obligation to purchase the Foxworths' property. Lewis argues the evidence conclusively shows the Foxworths failed to comply with the "Special Provisions" section of the contract requiring them to remove their personal items from the property and that their failure excused his performance under the contract. We disagree.

When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which he bore the burden of proof, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chemical Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001). In reviewing the legal sufficiency of the evidence, we view the evidence in the light favorable to the verdict, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson,* 168 S.W.3d 802, 807 (Tex.2005). When a party challenges the factual sufficiency of the evidence supporting an adverse finding on which he bore the burden of proof, he must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *See Francis,* 46 S.W.3d at 242. In conducting a factual sufficiency review, we consider all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986)(per curiam).

At trial, the Foxworths testified they removed the personal items they wanted from the property several days before the sale to Lewis was scheduled to close. Lewis does not dispute the Foxworths removed some of their personal items from the property. It is Lewis's contention, however, that the contract required the Foxworths to remove *all* their personal property from the land before the sale closed and their failure to do so was either a material breach or a repudiation of the contract. Lewis's argument contradicts the plain language of the contract.

In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *See Stroop v. Northern County Mut. Ins. Co.,* 133 S.W.3d 844, 851 (Tex.App.-Dallas 2004, pet. denied). The parties' intent must be taken from the contract itself, not from the parties' present interpretation, and the contract must be enforced as it is written. *See Nicol v. Gonzales,* 127 S.W.3d 390, 394 (Tex.App.-Dallas 2004, no pet.). We may neither rewrite the contract nor add to its language. *See American Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 162 (Tex. 2003).

The contract at issue states that "[b]oth Seller and Purchaser agree that there are items of Personal Property which will be removed from the Property...." The evidence presented at trial clearly shows that items of personal property were removed from the property and, therefore, the requirements of the provision were met. For the contract to require the Foxworths to remove all personal items from the property before the property was transferred to Lewis, the contract would have to be rewritten to state that "both Seller and Purchaser agree that *all* items of Personal Property will be removed from the Property *by the Seller before closing.*" The contract language is clearly not as expansive as Lewis would have us read it. Lewis agreed to the terms and provisions of the contract as it was written, and we cannot now change those provisions simply because Lewis believes something more was needed. *See Natural Gas Clearinghouse v. Midgard Energy Co.,* 113 S.W.3d 400, 407 (Tex.App.-Amarillo 2003, pet. denied).

■ Lewis urges us to construe the contract strictly against the Foxworths because they were the drafters of the agreement. But the doctrine of contra proferentem is applied only when construing an ambiguous contract. *See Evergreen Nat. Indem. Co. v. Tan It All, Inc.,* 111 S.W.3d

669, 675 (Tex.App.-Austin 2003, no pet.); *GTE Mobilnet of S. Tex. Ltd. P'ship v. Telcell Cellular, Inc.,* 955 S.W.2d 286, 290 (Tex.App.-Houston [1st Dist.] 1997, writ denied). At no point have the parties urged, nor did the trial court find, that the contract at issue was ambiguous. Lewis, in fact, strenuously argues on appeal that the contract is unambiguous. The plain language of the contract provides for the removal of personal items from the property, and the evidence shows unequivocally that this was done. Accordingly, the evidence is both legally and factually sufficient to support the jury's finding that Lewis had no excuse for his failure to close on the sale.

Even if the evidence did not support a finding that the requirements of the special provision were met, the evidence is both legally and factually sufficient to support the jury's finding that any failure by the Foxworths to remove all personal items from the property was neither a material breach nor a repudiation of the contract excusing Lewis from performing under the agreement. The evidence shows that Lewis never contacted the Foxworths before either of the scheduled closings to communicate his dissatisfaction with the condition of the property. Furthermore, the Foxworths presented evidence that Lewis made an agreement with the foreman of the property allowing the foreman to keep some personal property on the land. Although the jury charge did not define the term "material obligation," the jury could have concluded from the above evidence that any obligation the Foxworths may have had to remove personal items from the property was not a material obligation of the contract.

In addition, the Foxworths clearly demonstrated their desire to go forward with the sale when they informed Lewis by letter of their willingness to extend the date of the closing to give Lewis another opportunity to perform. Accordingly, the Foxworths did not demonstrate, either by their words or their actions, an intention to abandon, renounce, or refuse to perform the agreement. Absent either a breach of a material obligation or a repudiation of the agreement, Lewis had no excuse for his failure to comply with the terms of the agreement.

Based on the foregoing, we conclude the evidence is legally and factually sufficient to support the jury's finding. We resolve Lewis's sole issue against him. We affirm the trial court's judgment.