**Jose DE LA CRUZ, Appellant**

v.

**Alan KAILER and Hunton & Williams LLP, Appellees**

No. 05-16-00239-CV

Court of Appeals of Texas, Dallas.

Opinion Filed June 16, 2017

Rehearing En Banc Overruled August 4, 2017

Harold Kenneth Tummel, Lydia Tummel, for Appellant.

Richard A. Sayles, Shawn Long, William S. Snyder, for Appellees.

Before Justices Lang-Miers, Evans, and Schenck

## OPINION

Opinion by Justice Schenck

Appellant Jose De La Cruz appeals the trial court's judgment in favor of appellees Alan Kailer and Hunton & Williams, LLP (together "Attorneys"). De La Cruz argues in seven issues that the trial court erred in granting summary judgment in favor of Attorneys. We affirm the trial court's judgment.

FACTUAL BACKGROUND

De La Cruz worked as a landscaper and accumulated approximately $2,000,000, which he used to make down payments toward the purchase prices. of eleven condominiums at The Ritz Carlton then under construction. A dispute arose between De La Cruz and The Ritz Carlton, leading De La Cruz to retain Alan Kailer and his law firm, Hunton & Williams, in February 2009. At the time, Hunton & Williams also represented Sherri Herman, who had been advising De La Cruz on financial matters. Pursuant to this retainer, De La Cruz signed a limited representation agreement that included a section titled "Conflicts of Interest," in which he acknowledged (i) Attorneys' prior and continuing representation of Herman and Steel Hawk, LLC, a start-up company Herman had created; (ii) that Attorneys were not representing him in connection with his relationship with Herman and had not done so; and (iii) that Attorneys would not be able to represent him in any matter that was adverse to Herman. Three months later, De La Cruz replaced Attorneys with new counsel. Attorneys confirmed with De La Cruz in writing that their representation of him regarding The Ritz Carlton matter was now terminated. In March 2011, while represented by Martin & Martin Law, P.C. (the "Martin Firm"), De La Cruz negotiated a settlement agreement with The Ritz Carlton, in which he received title to two of the eleven condominiums on which he had made down payments.

De La Cruz and Herman then agreed to enter into a contract exchanging his ownership interest in the two condominiums for 20 percent of the equity in Steel Hawk LLC, with Herman retaining 80 percent of the equity.[1] The arrangement explicitly re-

---

1. Steel Hawk was formed to be an international-private-investment and real-estate-development company.

quired the use of De La Cruz's interest in the two condominiums as collateral for a loan to provide Steel Hawk's operating capital. Steel Hawk retained Kailer and Hunton & Williams to represent it in the transaction with De La Cruz. Kailer sent De La Cruz a letter confirming Attorneys' role in the transaction and requesting his consent to their representation of Steel Hawk, which De La Cruz granted by signing the letter. Kailer's letter also advised De La Cruz that he could not rely on Attorneys for any information concerning Steel Hawk and advised him to consult his own lawyer about the Steel Hawk transaction. De La Cruz retained the Martin Firm to represent him in the Steel Hawk transaction.

At that time, De La Cruz owed the Martin Firm past-due legal fees related to The Ritz Carlton litigation and other matters. When the Martin Firm learned there would be insufficient funds from the Steel Hawk transaction to allow a cash distribution to De La Cruz that would allow him to repay his past-due legal fees, Peter Martin advised De La Cruz that the Martin Firm would no longer represent him. When, shortly thereafter, Kailer learned De La Cruz was no longer represented by counsel in the Steel Hawk transaction, he sent De La Cruz another letter, communicating his understanding that De La Cruz was no longer represented by a lawyer in the Steel Hawk transaction. The letter also sought De La Cruz's acknowledgment (i) that his potential investment in Steel Hawk was "an extremely high-risk activity," (ii) that Attorneys' representation was limited to Steel Hawk, and (iii) that De La Cruz could not rely on Attorneys for his individual interests because their professional duties only ran to Steel Hawk. De La Cruz signed this letter, too, signifying his acknowledgement.

De La Cruz proceeded with the Steel Hawk transaction without representation. The two condominiums were mortgaged for cash to use in Steel Hawk's operations. In less than six months, Steel Hawk spent all of its operating capital.

## PROCEDURAL BACKGROUND

De La Cruz filed suit against Herman and Attorneys, alleging they fraudulently induced him to invest in Steel Hawk. De La Cruz asserted the following causes of action against Herman and Attorneys: breach of fiduciary duty, common-law fraud, statutory fraud, and violations of the Texas Securities Act ("TSA"). On July 17, 2015, Attorneys moved for summary judgment on traditional and no-evidence grounds. On August 3, 2015, De La Cruz amended his petition to include additional claims for common-law fraud and to drop one of his TSA claims. On August 5, 2015, Attorneys filed a supplemental summary-judgment motion. De La Cruz filed a response to Attorneys' summary-judgment motion. The record reflects that between July 29 and August 21 of 2015, De La Cruz filed at least fifty documents titled "Notice of Filing" that included affidavits, deposition excerpts, and discovery responses. Less than a week before the summary-judgment hearing, Attorneys filed a reply to De La Cruz's response, and De La Cruz filed one document titled "Excerpts of Plaintiff's Summary Judgment Evidence" and two additional documents titled "Notice of Filing" that included as attachments an index to De La Cruz's summary-judgment-evidence excerpts and an index to his response to the motion for summary judgment. After conducting a hearing, the trial court granted summary judgment in favor of Attorneys in an order that did not specify the grounds on which it was granted. The trial court signed an order severing De La Cruz's claims against Herman, and

De La Cruz filed this appeal. De La Cruz's claims against Herman are not before us.

DISCUSSION

## I. Standard of Review

■ We review the granting of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When, as here, the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought is meritorious. *Id.*

■ When an appellate court reviews both no-evidence and traditional summary-judgment motions, we first review the trial court's summary judgment under the standard of review for no-evidence summary judgments, potentially pretermitting the need for further analysis. *Id.* No-evidence summary judgments are reviewed under the same legal-sufficiency standard as directed verdicts. *Id.* Under that standard, evidence is considered in the light most favorable to the non-movant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *Id.*

■ The non-movant has the burden to produce summary-judgment evidence raising a genuine issue of material fact as to each challenged element of his cause of action. *Id.* A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Id.*

## II. Sufficiency and Specificity of Attorneys' No-evidence Motions for Summary Judgment

■ As a preliminary matter, we address De La Cruz's second issue that the trial court erred by granting Attorneys' summary-judgment motion because the motion failed to address all of his claims. De La Cruz argues his petition included claims that Attorneys are jointly liable with Herman for his damages resulting from Herman's common-law fraud and that because Attorneys' supplemental summary-judgment motion did not address any specific common-law fraud claim alleged by De La Cruz, it did not specifically address his joint-liability claims against Attorneys.

We disagree. Joint and several liability is not an independent cause of action, but is a description of the extent of an individual defendant's own substantive liability for the harm that is caused by the individual defendant together with others. *K-Bar Servs., Inc. v. English*, No. 03-05-00076-CV, 2006 WL 903735, at *5 (Tex. App.—Austin Apr. 7, 2006, no pet.) (mem. op.). Attorneys' supplemental motion specifically addressed De La Cruz's common-law fraud claims. Accordingly, we overrule De La Cruz's second issue.

We now address De La Cruz's first issue in which he contends that Attorneys' no-evidence motions for summary judgment were "unauthorized" because they failed to identify which specific elements of his claims were alleged to be without evidentiary support. He also argues the no-evidence motions were not made in good faith because "it is beyond dispute that Plaintiff sustained pecuniary damages of about $2,000,000" and the motions allege each one of his claims was without evidentiary support.

### A. *Applicable Law*

Rule 166a(i) of the Texas Rules of Civil Procedure requires a party seeking no-evidence summary judgment to specifically identify the elements of the non-movant's claim or claims that lack the requisite supporting evidence. Tex. R. Civ. P. 166a(i). The rule does not reintroduce evidentiary demurrer practice, but requires the motion to be "specific in challenging the evidentiary support for an element of a claim or defense," and the rule "does not authorize conclusory motions or general no-evidence challenges to an opponent's case." [2] See id. 1997 cmt.

De La Cruz points us to a prior decision of this Court holding that a no-evidence motion that only generally challenges the sufficiency of the non-movant's case and fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law. *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied) (en banc). We have also held that a no-evidence motion for summary judgment may be directed at specific factual theories or allegations within a claim or defense *only* if the challenge to the factual allegation is connected to a no-evidence challenge to a specified element of a claim or defense. *Id.*

In *Alfaro*, the appellees' no-evidence summary-judgment motion identified each of appellants' claims, gave the page number in the petition where the claim could be found, and listed the essential elements of each claim. *Id.* at 283–84. The motion asserted, both before and after listing the elements of each claim, that appellants had no evidence to support "one or more" of the elements of the claim. *Id.* at 284. The

motion contained no further discussion regarding any of the claims or their elements. *Id.* This Court concluded that to force a non-movant to produce proof on all elements of his claim when the movant has simply challenged "one or more" elements would require the non-movant to unnecessarily produce its evidence on an element or elements the movant may have no reasonable basis to challenge. *Id.* at 285.

## B. *Attorneys' No-evidence Motions for Summary Judgment*

Here, Attorneys filed both an original motion for summary judgment on traditional and no-evidence grounds and a supplemental motion for summary judgment. In their original motion, Attorneys stated De La Cruz's fiduciary-breach claims fail on no-evidence grounds because De La Cruz "cannot provide sufficient evidence to sustain *each and every element* of proof for which he carries the burden at trial." In the following sentence of their motion, Attorneys listed the elements of a claim for breach of fiduciary duty. Next, Attorneys stated that De La Cruz's claims for violation of Section 27.01(a) of the Texas Business and Commerce Code failed because De La Cruz "cannot provide sufficient evidence to sustain *each and every element* of proof for which he carries the burden at trial." In the following sentence of their motion, Attorneys referred to the previous section of their motion for the elements of a claim for violation of Section 27.01(a). Attorneys structured their arguments to address De La Cruz's claims for violation of Section 27.01(d) with the same "each and every" language and by referring to the previous section of their motion for the elements of the claim.

2. A Rule 166a(i) motion is subject to the limiting constraints of Rule 13, including its implied representation that the motion was filed in good faith. Tex. R. Civ. P. 13. Thus, a movant who blindly seeks to shift the burden to his opponent to produce evidence on all the elements of his claim assumes the risks associated with signing such a motion. *See id.*

In the sections of their motion addressing De La Cruz's claims for violations of the TSA, Attorneys stated in sub-headings that such claims "fail[ed]" on no-evidence grounds because he cannot proffer sufficient evidence establishing *all elements* of those claims." In the body of the relevant section, Attorneys stated De La Cruz "cannot adduce sufficient evidence to support *one or more elements*" listed in the previous section of the motion.

In its supplemental motion for summary judgment, Attorneys set out the elements of common-law fraud in a section premised on traditional grounds and stated later in a section addressing no-evidence grounds that De La Cruz's common-law fraud claims failed on no-evidence grounds because he "cannot provide sufficient evidence to sustain each and every element of proof for which he carries the burden at trial."

### C. *Application of Law to Facts*

█ De La Cruz argues that under Rule 166a(i) and this Court's opinion in *Alfaro*, Attorneys' no-evidence motion for summary judgment was "unauthorized" for failing to reference specific elements of his claims and for failing to specify which elements allegedly lacked evidentiary support. We disagree. In contrast with the no-evidence summary-judgment motion in *Alfaro*, Attorneys' motions regarding De La Cruz's claims for breach of fiduciary duty, common-law fraud, and violations of Section 27.01 all specified De La Cruz lacked evidence to support "each and every element." *See Alfaro*, 418 S.W.3d at 284 ("The phrase 'each and every' clearly has the single meaning of 'all.' In contrast, the phrase 'one or more' means 'at least one' but also potentially 'several' or 'all.' ").

As for the no-evidence summary-judgment motions regarding De La Cruz's claims for violations of the TSA, Attorneys utilized the non-specific "one or more" phrase as in *Alfaro*. However, unlike in *Alfaro*, Attorneys' motions went on to detail, in sub-headings, that clearly and specifically stated Attorneys challenged "all elements" of De La Cruz's claims. Thus, Attorneys' motion gave notice of the challenged elements—namely, all of them—to satisfy the requirements of Rule 166a(i) and notify the court and the parties that the movants represented that all of the elements were lacking in evidentiary support. We therefore conclude that Attorneys' no-evidence summary-judgment motions were, in fact, sufficient to raise a challenge to all elements of each of De La Cruz's claims. *See* Tex. R. Civ. P. 166a(i).

█ We next address De La Cruz's argument that Attorneys did not challenge all elements in good faith given that "it is beyond dispute that Plaintiff sustained pecuniary damages of about $2,000,000." Even assuming, without deciding, that Attorneys did not dispute De La Cruz sustained $2,000,000 in damages, in each of his claims for which injury or damages was an element, De La Cruz was required to bring forth evidence of more than just the existence of damages but that the injury was caused by the alleged wrongful conduct. *See Neese v. Lyon*, 479 S.W.3d 368, 386 (Tex. App.—Dallas 2015, no pet.) (breach of fiduciary duty); *Hydroscience Techs., Inc. v. Hydroscience, Inc.*, 401 S.W.3d 783, 798 (Tex. App.—Dallas 2013, pet. denied) (common-law fraud). To obtain reversal on appeal, De La Cruz would have to point to the rendition of an improper judgment or an error that probably prevented him from properly presenting his case. *See* Tex. R. App. P. 44.1(a). Because De La Cruz has failed to produce evidence to support a finding of liability on any substantive theory, his challenge to the motivation in adding damages is not a basis for reversal. In any event, the notion that one or more of the elements chal-

lenged by the rule 166a(i) motion was not challenged in good faith would not affect the non-movant's obligation to respond to it, though it might be grounds for a separate motion for sanctions, an issue separate from the merits of the summary-judgment motion and not raised below or further addressed here. *See* TEX. R. CIV. P. 13.

### III. Sufficiency of De La Cruz's Response to Attorneys' No-evidence Motion for Summary Judgment

■ In light of our conclusion above that Attorneys' no-evidence motions for summary judgment were not "unauthorized" or otherwise defective, De La Cruz had the burden to "produce[ ] summary judgment evidence raising a genuine issue of material fact" as to the elements challenged in those motions. *See* TEX. R. CIV. P. 166a(i). Attorneys point out that De La Cruz has failed to argue on appeal that the trial court overlooked evidence produced in response to their no-evidence challenges. However, even assuming De La Cruz's brief did not waive the argument that he produced sufficient evidence to rebut the no-evidence challenges, in order to defeat Attorneys' no-evidence summary-judgment motions, he must have sufficiently responded to them. *See id.* 1997 cmt. Attorneys argue De La Cruz's response to their summary-judgment motions is fatally defective because it made no attempt to rebut the no-evidence challenges and never identified any particular evidence as substantiating or creating fact issues for any challenged elements.

De La Cruz filed numerous documents between the time Attorneys filed their original summary-judgment motion and the time the trial court held the summary-judgment hearing. He filed a response to Attorneys' motion for summary judgment that listed thirty-five pieces of evidence and included the statements that the listed evidence "supports findings of each element of Plaintiff's claims made subjects of Defendants' motion . . . and raises genuine issues of material fact as to one or more elements of Defendants' alleged affirmative defenses." De La Cruz also filed over fifty pleadings titled "Notice of Filing" that included as attachments affidavits, deposition transcript excerpts, and other such items as might be considered evidence in support of his claims. Two days before the summary-judgment hearing, De La Cruz filed a document titled "Excerpts of Plaintiff's Summary Judgment Evidence." The day before the same hearing, De La Cruz filed two documents purporting to be an index to his summary-judgment evidence and an index to his summary-judgment response. We note these two documents did no more than itemize the purported evidence.

This Court has stated that in responding to a no-evidence motion for summary judgment, one must do more than itemize the evidence and then, in a section totally separate from the recitation of the evidence, offer general conclusions that the above evidence conclusively establishes each element of the plaintiff's claims. *Chambers v. Allstate Ins. Co.*, No. 05-15-01076-CV, 2016 WL 3208710, at *13 (Tex. App.—Dallas June 9, 2016, pet. denied) (mem. op.). In addition, case law does not support that the trial court was required to search the record for evidence to support De La Cruz's claims; instead, De La Cruz was obligated to point out with specificity where in his filings there was evidence on each of the challenged elements of his claims. *Id.*

Accordingly, we conclude De La Cruz failed to meet his burden to produce summary-judgment evidence raising a genuine issue of material fact as to each challenged element of his causes of action. *See*

*Merriman,* 407 S.W.3d at 248. We further conclude the trial court properly granted Attorneys' summary judgment on no-evidence grounds. We pretermit De La Cruz's remaining issues. TEX. R. APP. P. 47.1.

### POST-SUBMISSION MOTION

After submission of this case, De La Cruz filed a motion for leave to file a post-submission brief. We deny that motion as moot.

### CONCLUSION

We affirm the trial court's judgment.