**AFFIRMED and Opinion Filed March 22, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-19-01550-CV
_____

**JOHN GUANDOLO AND SAINT GEORGE'S ALLIES, INC. D/B/A
UNDERSTANDING THE THREAT, Appellant
V.
RICHARD STANEK, Appellee**

**On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-17-14892**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Goldstein

This is an appeal from a final judgment in a jury trial involving cross-claims

for assault and associated torts. In a pre-trial ruling, the trial court partially granted

appellee's no-evidence motion for summary judgment. In one issue, appellants

complain that the trial court erred in entering summary judgment against them on

their affirmative defenses of self-defense and justification and thereby failing to

submit jury questions on those defenses.[1] We affirm. Because all issues in this appeal are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellee Stanek was at all relevant times the elected sheriff of Hennepin County, Minnesota, the county seat of which is Minneapolis. Stanek was also an executive board member of the National Sheriff's Association (NSA). In late-June 2017, Stanek attended the semiannual meeting of the NSA in Reno, Nevada.

Also present at the NSA meeting was appellant Guandolo, a former Marine and FBI agent. Guandolo is the founder and president of appellant Saint George's Allies, Inc. d/b/a Understanding the Threat (UTT), a Texas corporation. UTT provides law enforcement training and engages in public advocacy related to Islamic terrorism. UTT's advocacy is, according to Stanek, controversial and incendiary. A few months before the NSA meeting, Guandolo published an article on the UTT website titled "In this War Minnesota's Twin Cities are Lost," which contained allegedly defamatory statements about Stanek.

On June 20, 2017, Stanek met with Guandolo to discuss the article. Also present were Chris Gaubatz and Stephanie Ameiss, both UTT employees, and Peter

---

[1] Appellants requested and we have received a partial reporter's record of the proceedings below. In their request, appellants included a statement of issues they intended to raise on appeal. We presume the record before us constitutes the entire record for purposes of the issues raised and omitted evidence presumed irrelevant to this appeal. *See* TEX. R. APP. P. 34.5, 34.6(c); *Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 377 (Tex. 2001).

Dietzman, a major at the Hennepin County Sheriff's office. The conversation became heated, and an altercation ensued, memorialized by video and audio recordings of the incident.[2]

Appellee initiated this lawsuit against appellants on October 30, 2017, asserting claims for assault, assault by offensive contact, battery, and intentional infliction of emotional distress. Stanek alleged Guandolo was acting on UTT's behalf, contending that UTT was vicariously liable under the doctrine of respondeat superior. Appellants answered the lawsuit and filed counterclaims for assault, battery, and tortious interference with prospective business relations. Appellants also asserted several affirmative defenses, including justification and self-defense.

On July 1, 2019, Stanek filed a no-evidence motion for summary judgment, asserting appellants had no evidence to support the elements of several of their claims and affirmative defenses. Relevant here, the trial court partially granted the motion against appellants on their affirmative defenses of justification and self-defense.

The jury trial commenced on September 9, 2019. On September 17, appellants filed their proposed jury instructions, which included a question of whether Guandolo acted in self-defense. The next day, appellants filed a motion to reconsider

---

[2] Ameiss recorded audio of the meeting and a hotel surveillance camera captured video. Our record contains a digital file in which the surveillance footage has been overlaid with the audio recording. The recordings were admitted into evidence for the jury's consideration.

summary judgment on their affirmative defenses. At the formal charge conference, the trial court denied the motion to reconsider and refused the question as to Guandolo's self-defense. The charge submitted to the jury thus included assault questions as to both parties but a self-defense question only as to Stanek. On September 20, the jury returned its verdict in favor of Stanek. The jury found that Guandolo assaulted Stanek, Stanek did not assault Guandolo, and Stanek was acting in self-defense. The jury also found Guandolo 51% responsible of causing or contributing to the cause of the altercation and awarded damages to Stanek. The trial court entered judgment in Stanek's favor, and this appeal followed.

## DISCUSSION

### I.    STANDARD OF REVIEW

We review an order granting summary judgment de novo. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021). No-evidence summary judgments are reviewed under the same legal sufficiency standard as directed verdicts. *Arana v. Figueroa*, 559 S.W.3d 623, 627 (Tex. App.—Dallas 2018, no pet.). The non-movant must present evidence that raises a genuine issue of material fact on the challenged elements of the claim. *See id.* (citing TEX. R. CIV. P. 166a(i); *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)). A no-evidence challenge will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight

–4–

to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Id.* (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)).

## II.    ANALYSIS

Appellants contend that the trial court erred in granting no-evidence summary judgment against them on their affirmative defenses of self-defense and justification. Appellee counters that summary judgment was proper because appellants' response to the motion was deficient for failing to connect the evidence to the specific elements of their affirmative defenses. Appellee further argues that, to the extent the trial court erred in granting summary judgment, we must affirm because the error was harmless and appellants failed to meet their burden to show harm. In their reply brief, appellants argue that they were harmed by the trial court's failure to include questions regarding self-defense and justifications in the jury charge.

### A.    Justification

Appellants contend the trial court erred in granting summary judgment on their affirmative defense of justification. We disagree. "Justification" is not in itself an affirmative defense, but rather an umbrella term for a category of defenses. *See Alonzo v. State*, 353 S.W.3d 778, 781 (Tex. Crim. App. 2011) ("Chapter 9 of the Penal Code recognizes certain justifications that, under Section 2.03, are defenses to

–5–

prosecution."). Included among these defenses are self-defense, defense of third person, and protection of one's own property. *See* TEX. PENAL CODE ANN. §§ 9.31, 9.33, 9.41. We have been cited no Texas cases, nor have we found any, recognizing justification as a stand-alone affirmative defense, let alone identifying the elements thereof. A trial court does not err in granting summary judgment on a claim or defense that is not recognized under Texas law. *See Methodist Hosp. v. Zurich Am. Ins. Co.*, 329 S.W.3d 510, 526 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Cerda v. RJL Entm't, Inc.*, 443 S.W.3d 221, 233 (Tex. App.—Corpus Christi 2013, pet. denied). Accordingly, we conclude the trial court did not err in granting summary judgment on appellants' affirmative defense of justification.

## B. Self-defense

Appellants also contend the trial court erred in granting summary judgment as to the claimed self-defense. Self-defense is an affirmative defense to a civil assault claim. *See Gibbins v. Berlin*, 162 S.W.3d 335, 340 (Tex. App.—Fort Worth 2005, no pet.) (citing *Price v. Short*, 931 S.W.2d 677, 687 (Tex. App.—Dallas 1996, no writ)). The elements of self-defense are the same in civil and criminal cases. *See id.* at 340. With certain exceptions not applicable here, "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." TEX. PENAL CODE ANN. § 9.31(a). The Penal Code defines

"unlawful" as "criminal or tortious or both and includes what would be criminal or tortious but for a defense not amounting to justification or privilege." *See id.* § 1.07(a)(48). The "criminal or tortious" conduct which justifies the use of force includes assault, which a person commits by, among other things, "intentionally, knowingly, or recklessly caus[ing] bodily injury to another" or "intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." *See id.* § 22.01(a)(1), (3).

The "reasonably believes" language of the self-defense statute "contains subjective and objective components." *Lozano v. State*, 636 S.W.3d 25, 32 (Tex. Crim. App. 2021). "A defendant must subjectively believe that another person used or attempted to use unlawful force . . . against the defendant and that the defendant's use of unlawful or deadly force in response was immediately necessary." *Id.* Additionally, the defendant's subjective belief must be objectively reasonable. *Id.* A reasonable belief is one held by an "ordinary and prudent man in the same circumstances as the actor." *Id.* (quoting TEX. PENAL CODE ANN. § 1.07(a)(42)).

Here, appellee moved for no-evidence summary judgment on both appellants' claim of assault and their affirmative defense of self-defense. With respect to self-defense, appellee asserted there was no evidence that: (1) appellee used or attempted to use force, (2) appellee's use of force was unlawful, (3) appellants believed the use

of force was immediately necessary to avoid imminent harm, or (4) appellants' belief was reasonable.[3] In their response to the motion, appellants discussed their assault claim and their affirmative defense of self-defense under one heading. That section of the response states, in full:

> Plaintiff's verbally and physically aggressive behavior toward Guandolo is more than sufficient to sustain Defendants' assault and battery claims, as well as the affirmative defenses of self-defense and justification.
>
> A person commits an assault under Nevada law[4] by "(1) [u]nlawfully attempting to use physical force against another person; or (2) Intentionally placing another person in reasonable apprehension of immediate bodily harm." A battery is any willful and unlawful use of force or violence upon the person of another.
>
> Here, Plaintiff repeatedly cursed at Guandolo, mocked his service record, moved into Guandolo's personal space while verbally urging a fight, bumped chests with Guandolo, and then grabbed Guandolo's tie so tight it was strangling Guandolo. It was only after all of these things

---

[3] Although the first, third, and fourth elements identified by Stanek are correct, the second is not. As the Court explained in *Lozano*, self-defense does not require that the plaintiff's use of force be unlawful, but rather that the defendant reasonably believe it to be unlawful. *See Lozano*, 636 S.W.3d at 32. Thus, lawfulness of Stanek's conduct could not have formed the basis of the trial court's summary judgment on appellants' affirmative defense of self-defense. *See IE.Com, Ltd. v. Peeler*, No. 05-19-00496-CV, 2020 WL 3424913, at *3 (Tex. App.—Dallas June 23, 2020, no pet.) (mem. op.) (no-evidence summary judgment improper where based on elements identified by the movant that are not elements of the non-movant's claim). We therefore limit our analysis to the remaining elements identified by Stanek. *See Merriman*, 407 S.W.3d at 248 (where trial court does not state the basis of its summary-judgment ruling, appellate court must affirm on any valid ground raised in the motion).

[4] The trial court's docket sheet reflects that on September 5, 2019, two days after filing this summary-judgment response, appellants filed an opposed motion urging the trial court to apply Nevada law. The trial court entered an order on September 9. Our record does not include the motion, appellee's response, or the trial court's order. Appellee asserts in his brief that the trial court denied the motion, but that is not evident from the record. Nevertheless, appellants do not raise any conflicts of law in this appeal. In the absence of a contention that another state's laws differ from Texas law, we presume the laws of that state "are the same as ours." *Coca-Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 679 (Tex. 2006).

that Guandolo attempted to defend himself and hit Plaintiff in the face once.

There is no dispute that Plaintiff "touched" Guandolo during the Altercation by grabbing his tie. Grabbing an individual by the tie and twisting it so tightly that it is strangling a person most certainly qualifies as "offensive." Furthermore, Guandolo's response to Plaintiff's aggression, i.e. one punch to the face, was reasonable in order to avoid imminent harm by Plaintiff and certainly justified to protect his life. Accordingly, the Court should dismiss Plaintiffs no evidence motion for summary judgment because Defendants have produced more than a scintilla of evidence supporting their assault and battery claims, as well as the defenses of justification and self-defense.

Stanek argues this response was insufficient to raise a genuine issue of material fact on every challenged element of self-defense because it fails to connect the evidence to the individual elements of self-defense. We agree. When a party files a proper no-evidence motion for summary judgment, the burden shifts to the opposing party to "sufficiently respond" by producing more than a scintilla of evidence on each challenged element of the claim or defense. *See* TEX. R. CIV. P. 166a(i); *De La Cruz v. Kailer*, 526 S.W.3d 588, 593 (Tex. App.—Dallas 2017, pet. denied). To meet that burden, the non-movant "must do more than itemize the evidence and then, in a section totally separate from the recitation of the evidence, offer general conclusions that the above evidence creates a genuine issue of material fact." *See De La Cruz*, 526 S.W.3d at 593. Rather, the non-movant must "point out with specificity where in his filings there was evidence on each of the challenged elements of his claims." *Id.*; *see also Chambers v. Allstate Ins. Co.*, No. 05-15-

01076-CV, 2016 WL 3208710, at *12 (Tex. App.—Dallas June 9, 2016, pet. denied) (mem. op.) ("The issue is whether the trial court must search through all of the non-movant's evidence to determine if a fact issue exists without any guidance concerning what evidence creates an issue on a particular element."). The Rules of Civil Procedure require that "the party seeking to avoid the effects of a well-pleaded no-evidence motion for summary judgment bears the burden to file a written response that raises issues preventing summary judgment, and that points to evidence supporting those issues." *Chambers*, 2016 WL 3208710, at *12. The trial court is not required to supply the deficiency, but instead must grant the motion where the non-movant fails to meet that burden. *Id.*

Appellants' summary judgment response contained neither references to, nor arguments regarding, the mental-state elements of self-defense. Appellants argue in their reply brief that they met their burden by including footnote references to the summary judgment record and to the facts section of the response, which further included citations to the summary judgment evidence, such as Guandolo's affidavit, the video of the altercation, witness statements, deposition testimony from Stanek and other witnesses, and police reports.[5] We disagree. The issue is not whether there is something in this list of evidence that creates a fact issue on the elements of self-

---

[5] We note that appellants' response was twelve pages in length with 268 pages of exhibits comprised primarily of deposition transcripts.

defense, but rather whether appellants sufficiently explained how the evidence supports each element. *See Chambers*, 2016 WL 3208710, at *12; *De La Cruz*, 526 S.W.3d at 593. The response shows they did not. There is no mention of Guandolo's subjective belief that use of force was immediately necessary or the objective reasonableness of that belief,[6] let alone a citation to any evidence supporting either element.

Appellants argue that they presented more than a scintilla of evidence of Guandolo's reasonable belief of harm through Guandolo's affidavit. Appellee counters that the affidavit is not properly before us. In an order dated September 18, 2019, the trial court sustained Stanek's objection to, and struck, Guandolo's affidavit on hearsay grounds. Appellants did not challenge that order on appeal. After appellee identified the order in his response brief, appellants argued for the first time in reply that the affidavit was properly before the trial court because the order striking it was signed nine days after the order granting summary judgment, which expressly stated that the trial court considered the responses and evidence on file. A party may not raise a new issue for the first time in a reply brief. *See Private Mini Storage Realty,*

---

[6] Appellants argue they addressed the reasonableness element with this sentence: "Furthermore, Guandolo's response to Plaintiff's aggression, i.e. one punch to the face, was reasonable in order to avoid imminent harm by Plaintiff and certainly justified to protect his life." We disagree. There is no footnote or record citation following this sentence. Moreover, the sentence misconstrues the reasonableness element of self-defense by arguing that Guandolo's conduct—"one punch to the face"—was reasonable. The objective element of self-defense, however, requires evidence of the reasonableness of the defendant's *belief*, not his conduct. *See* TEX. PENAL CODE ANN. § 9.31(a).

*L.P. v. Larry F. Smith, Inc.*, 304 S.W.3d 854, 859 (Tex. App.—Dallas 2010, no pet.). We determine this issue is not properly before us.

We conclude the trial court did not err in granting summary judgment on appellants' affirmative defense of self-defense.

## CONCLUSION

We conclude that the trial court did not err in granting no-evidence summary judgment on appellants' affirmative defenses of justification and self-defense. We overrule appellants' sole issue. Accordingly, we do not reach the parties' arguments regarding whether appellants were harmed by the granting of summary judgment in not submitting the question to the jury. *See* TEX. R. APP. P. 47.1.

We affirm the trial court's judgment.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

191550F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOHN GUANDOLO AND SAINT GEORGE'S ALLIES, INC. D/B/A UNDERSTANDING THE THREAT, Appellants

No. 05-19-01550-CV     V.

RICHARD STANEK, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-17-14892. Opinion delivered by Justice Goldstein. Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee RICHARD STANEK recover his costs of this appeal from appellants JOHN GUANDOLO AND SAINT GEORGE'S ALLIES, INC. D/B/A UNDERSTANDING THE THREAT.

Judgment entered March 22, 2022.