In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00026-CV
_____

ERIC NARZYNSKI, Appellant

V.

RIVER PLANTATION COMMUNITY IMPROVEMENT ASSOCIATION,
Appellee

On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 19-04-05063-CV

MEMORANDUM OPINION

Eric Narzynski appeals the trial court's decision to grant a permanent injunction issued pursuant to Chapter 343 of the Texas Health and Safety Code, requiring him to abate a public nuisance existing on his property and awarding attorneys' fees pursuant to section 343.013(b). *See* Tex. Health & Safety Code Ann. § 343.013(a), (b). Narzynski also appeals the trial court's Order granting the River Plantation Community Improvement Association's ("the Association") No-

1

Evidence Motion for Partial Summary Judgment on Defendant's Counterclaims. For the reasons discussed below, we affirm the trial court's Order granting the Association's No-Evidence Motion for Partial Summary Judgment on Narzynski's counterclaims, and we affirm the trial court's Amended Final Judgment and Permanent Injunction, as modified.

## BACKGROUND

In 2005, Narzynski purchased multiple tracts of land in Montgomery County. The purchase included three house lots in the River Plantation subdivision ("the subdivision"), which is referred to as Property 1, and an adjoining tract that was not in the subdivision, which is referred to as Property 2. The record, which includes the General Warranty Deed with Vendor's Lien and printouts from the Montgomery Central Appraisal District, shows that Property 1 is in the subdivision and Property 2 is not, but both are within the city limits of Conroe. Property 1 is subject to the Association's restrictions, but Property 2 is not.[1]

To the annoyance of some of his neighbors, Narzynski had several automobiles, in various stages of repair, on his property; he also kept motorcycles, tractors, heavy equipment, construction tools and supplies, boats, and other items

---

[1]Narzynski owned an additional residential property in the River Plantation subdivision, but it was only tangentially discussed at trial. This additional property is not included in the trial court's Amended Final Judgment and Permanent Injunction and is not relevant to this appeal.

2

both on Property 1 and Property 2, and he calls Property 2 his "backyard." After the Association and its attorneys requested that Narzynski clean up his property, the Association filed suit, alleging, among other things, violations of the declarations, breach of contract, and public nuisance. The Association sought statutory penalties and attorney's fees.

Jamie Goodman testified that she had lived in the subdivision since 2015 and had been the Association's president for nearly five years at the time of trial. Goodman testified that the deed restrictions applied to both of Narzynski's properties, and the restrictions stated that nothing shall be done to become an annoyance or nuisance to the neighborhood. Goodman further testified that the deed restrictions stated that all lots shall be kept sanitary, healthful, and attractive, and in no event shall any lot be used for storage or equipment except for normal residential requirements or accumulate garbage, trash, or rubbish. Goodman reviewed Narzynski's General Warranty Deed with Vendor's Lien and printouts from the Montgomery Central Appraisal District and testified that Narzynski's three lots, referred to as Property 1, are subject to the restrictions, but the tract behind those three lots is not part of the subdivision. Goodman testified that Narzynski failed to comply with the deed restrictions.

Goodman described the fees the Association collects, as well as the deed restrictions and the mechanisms for enforcing them, which included sending letters

3

and referring the matter to the Association's attorney. Goodman testified that she observed trash and debris on Narzynski's property, as well as equipment, materials, supplies, appliances, boats, and vehicles. She indicated that the issues with Narzynski's property predated Hurricane Harvey,[2] and that due to the hurricane damage, the Association gave homeowners a two-year grace period to repair their property.

Betty Brown, a resident of the subdivision, testified that she drives past Narzynski's house daily, and multiple cars, trailers, and boats are visible on his property. Brown testified that Narzynski's house is approximately fifty feet from the street. At one point after Hurricane Harvey, Narzynski showed Brown his backyard and explained that it was in such poor condition because water from a horse farm adjacent and uphill from his property had flooded his property, forcing Narzynski to move the vehicles into the front yard. Brown testified there was mold and "varmints" in the vehicles. Brown explained that Narzynski's failure to comply with the deed restrictions created a nuisance in the subdivision.

Larry Webb testified he lives across the street from Narzynski. He stated that Narzynski began storing appliances and vehicles on his property in 2007, and there were two motorcycles, two golf carts, and approximately nine vehicles visible in

---

[2]Hurricane Harvey struck the area in the late summer of 2017.

Narzynski's front yard. Webb believed the condition of Narzynski's property was responsible for the vermin in the area. Webb testified Narzynski violated the deed restrictions by keeping debris in his yard and so many vehicles in his driveway. Webb also testified that Narzynski's backyard was full of "crap."

Narzynski disputed the allegations that his property had looked trashy for several years, but he agreed that his backyard was messy. He attributed much of the condition of his property to the effects of Hurricane Harvey and to the closing of his business, which caused him to move equipment and inventory onto this property. He attributed the unsanitary nature of his backyard to floodwaters running from a horse farm adjacent to his backyard. Narzynski explained that he tried to prevent further flooding by bringing in several loads of dirt.

Narzynski also explained that the repairs to his home following the hurricane were delayed because he became involved in a dispute with his insurance company over covering the damages that resulted from the flood. As to the subdivisions declarations, Narzynski disputed whether some applied and whether others were violated. For example, he testified that his backyard was not part of the subdivision. According to Narzynski, the Association's pictures depicting items in his yard were not time stamped and failed to show how long the items remained. He claimed the items in the pictures presented by the Association were only present in his yard for a short period. Narzynski denied that he created a nuisance and that having over

5

twenty vehicles on his property violated the deed restriction requirement that any building site shall only be used for residential purposes. Narzynski stated he had continuously moved vehicles and equipment around on his property. Narzynski also denied having abandoned any of the vehicles in his yard, but he agreed it was possible there were some vehicles in his yard that he never drove. Narzynski also admitted that his backyard had been in an unsanitary condition. As to the Association's assessments, Narzynski challenged whether they were accurate. He testified he made several requests for information to explain the charges, but the Association never advised him about the reasons for the charges reflected in its records.

Dylan Russell, the Association's counsel of record, described the fees charged, giving the number of hours billed to date and the hourly billing rate for each attorney and staff member who worked on the case. Russell explained the additional fees that would be incurred in the event of an appeal. Russell described his professional experience and qualifications, as well as the legal background of the other attorneys. In his opinion, the fees requested were reasonable and necessary in the area.

After the parties finished closing argument and before rendering judgment, the trial court, without objection, took judicial notice that the subdivision is an unincorporated part of Montgomery County. The trial court found that the testimony

6

and references in the case, including Brown's testimony that Narzynski's house was fifty feet from the street, showed Narzynski's backyard was within three hundred feet from the street. Therefore, the trial court found that Narzynski violated section 343.011 and created a public nuisance, and the trial court granted an injunction and awarded attorney's fees under section 343.013(b). *See id.* §§ 343.011, 343.013(b). The trial court also found that the 1969 deed restrictions control; however, the trial court concluded those restrictions cover only nuisances in the front yard. Therefore, with regard to the nuisances in the back yard, the trial court ordered that the Association take nothing on its breach of declaration claims. Furthermore, since the Association failed to prove the timeline of when or how long the alleged violations occurred in the front yard, the trial court ordered that the Association take nothing on its breach of declaration claims.

## ANALYSIS

In six issues on appeal, Narzynski challenges the trial court's decision granting the Association a permanent injunction and awarding attorney's fees and its decision granting the Association's No-Evidence Motion for Partial Summary Judgment on Narzynski's counterclaims for conversion and declaratory relief. In issues one through three, Narzynski argues the trial court erred by taking judicial notice sua sponte that the subdivision is located in an unincorporated part of Montgomery county; the evidence is legally insufficient to support the trial court's

7

finding that Narzynski violated section 343.011 because the Association failed to prove that Property 1 is in an unincorporated part of the county; and the evidence is legally insufficient to support the trial court's finding that Property 2, which is not in the subdivision, is located in an unincorporated part of the county. *See id.* § 343.013(a). In issue four, he argues the trial court abused its discretion by granting an injunction that is overly broad. In issue five, Narzynski argues the Association's No-Evidence Motion for Partial Summary Judgment contains conclusory assertions and is insufficient as matter of law. In issue six, he complains the trial court erred by awarding attorney's fees that were not based on a sufficient statutory basis.

We review the granting of a motion for summary judgment de novo, using the same legal-sufficiency standard as a directed verdict. *See Jose De La Cruz v. Alan Kailer & Hunton & Williams, LLP,* 526 S.W.3d 588, 592 (Tex. App.—Dallas 2017, pet. denied). We evaluate the evidence in the light most favorable to the non-movant and credit evidence that a reasonable trier of fact could credit. *Id.* We will sustain a no-evidence challenge when there is a complete absence, or no more than a mere scintilla, of evidence of a vital fact. *Id.*

We review the trial court's grant of injunctive relief and award of attorneys' fees under an abuse of discretion standard. *See Bostow v. Bank of Am.*, No. 14-04-00256-CV, 2006 WL 89446, at *5 (Tex. App.—Houston [14th Dist.] Jan. 17, 2006, no pet.) (mem. op.) (addressing a permanent injunction); *State Farm Lloyds v. Webb,*

8

No. 09-15-00408-CV, 2017 WL 1739763, at *11 (Tex. App.—Beaumont May 4, 2017, pet. denied) (mem. op.) (addressing attorneys' fees). A court abuses its discretion when it acts arbitrarily or unreasonably or when it misapplies the law to the established facts of the case. *See Bostow,* 2006 WL 89446, at *5 (citation omitted).

NO-EVIDENCE MOTION FOR PARTIAL SUMMARY JUDGMENT

We first address Narzynski's complaint that that Association's No-Evidence Motion for Partial Summary Judgment fails to meet the specificity requirements of Texas Rule of Civil Procedure 166a(i) because it contains conclusory assertions that there is no evidence to support Narzynski's counterclaims and fails to note the specific elements for which there is no evidence. *See* Tex. R. Civ. P. 166a(i).

A no-evidence summary judgment is governed by Rule 166a(i) of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 166a(i). This Rule states as follows:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court *must* grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. (emphasis added).

*Id.* First, we note that since Narzynski failed to produce evidence concerning any elements of his counterclaims, our disposition of this issue focuses on the sufficiency

9

of the Association's No-Evidence Motion for Partial Summary Judgment and whether it failed to set forth the elements as to which there was no evidence.

Based on our review, the Association's motion listed the elements of Narzynski's conversion claim and stated that there was no evidence of either of those elements. Thus, we conclude the Association's motion complied with the Rule, and the trial court did not err in granting the motion as to Narzynski's conversion claim. Unlike the elements of the alleged conversion tort, the elements of Narzynski's claim for declaratory relief are less susceptible of being listed, because the elements necessarily will vary according to the exact relief sought. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.001. In its motion, the Association recited the text of Narzynski's declaratory judgment claims and argued that Narzynski presented no evidence that the Association's Architectural Guidelines are not legally binding on Narzynski because the Architectural Guidelines were not filed in the real property records or approved by a majority vote or that the Association has no authority to fine members of the subdivision for violating the guidelines. In the unique context of this case, we conclude that the motion satisfied Rule 166a(i)'s requirement and there was no need for the trial court to demand greater specificity before granting the Association's motion. *See id.* We conclude the trial court did not err in granting the motion as to Narzynski's claim for declaratory relief. Narzynski produced no evidence in

response to the Association's motion, and the trial court was required to grant it. *See* Tex. R. Civ. P. 166a(i). We overrule issue five.

## PERMANENT INJUNCTION

In issues one through three, Narzynski argues the trial court erred by taking judicial notice sua sponte that the subdivision fell into an unincorporated part of Montgomery county; the evidence is legally insufficient to support the trial court's finding that Narzynski violated section 343.011 and created a public nuisance because the Association failed to prove that Property 1 is in an unincorporated part of the county; and the evidence is legally insufficient to support the trial court's finding that Property 2, which is not in the subdivision, is located in an unincorporated part of the county. *See* Tex. Health & Safety Code Ann. § 343.013(a).

Section 343.013(a) provides that "[a] county or district court may by injunction prevent, restrain, abate, or otherwise remedy a violation of this chapter in the unincorporated area of the county." *Id.* Section 343.011, pertaining to a public nuisance, states that "[t]his section applies only to the unincorporated area of a county." *Id.* § 343.0131(a). Section 343.011 defines a public nuisance as among other things,

> . . . keeping, storing, or accumulating rubbish, including newspapers, abandoned vehicles, refrigerators, stoves, furniture, tires, and cans, on premises in a neighborhood or within 300 feet of a public street for 10

11

days or more, unless the rubbish or object is completely enclosed in a building or is not visible from a public street[.]

*Id.* § 343.011(c)(2). The trial court found that Narzynski violated section 343.011 and that his backyard was a refuse with heaps of waste, debris, and garbage, as well as rubbish and tires, and the trial court explained that the testimony and references in the case, including Brown's testimony that Narzynski's house was fifty feet from the street, showed Narzynski's backyard was within three hundred feet from the street.

Narzynski did not object when the trial court took judicial notice that River Plantation is an unincorporated part of Montgomery County. Courts are authorized to take judicial notice of "[f]acts about well known and easily ascertainable geographical facts concerning counties." *See Barber v. Intercoast Jobbers & Brokers*, 417 S.W.2d 154, 158 (Tex. 1967) (discussing judicial notice of geographical facts); *see also* Tex. R. Evid. 201(b)(2). Even assuming, for purposes of this appeal, that the trial court erred in taking judicial notice of the location of Property 1 and Property 2, Narzynski failed to object to the trial court taking judicial notice so he waived his right to complain of it on appeal. *See* Tex. R. App. P. 33.1(a)(1); *In re T.C.*, No. 10-10-00207-CV, 2010 WL 4983512, at *1 (Tex. App.—Waco Dec. 1, 2010, pet. denied) (mem. op.). Accordingly, we overrule issues one through three.

12

In issue four, Narzynski argues the trial court abused its discretion by granting an injunction that is overly broad. We agree that some of the language in the trial court's Permanent Injunction is overly broad. In particular, the mandatory injunction directing Narzynski to "[r]emove all waste, debris, litter, garbage, . . . from Property 1 and Property 2" does not include an exception for such items that are enclosed in a building or not visible from the street, and further includes all motorized vehicles, which would necessarily include vehicles that are in good repair and are not abandoned. We are empowered to remedy the overbreadth by modifying the injunction, and affirming it as modified. *See* Tex. R. App. P. 43.2(b); *United Food & Commer. Workers Int'l Union v. Wal-Mart Stores, Inc.,* No. 02-15-00374-CV, 2016 WL 6277370, at *11 (Tex. App.—Fort Worth Oct. 27, 2016, pet. denied) (mem. op.). Accordingly, we modify that section of the injunction that requires removal of certain items as follows:

> Remove all waste, debris, litter, garbage, tires, [abandoned or non-operational] motorized vehicles or equipment (including, but not limited to RVs, trailers, cars, trucks, tractors, golf carts, segways, motorcycles, scooters, 4 wheelers, 3 wheelers, lawn mowers, smart cars, vans, limousines), turf, tarps, plastic bags, carpet, boats, oil cans, oil funnels, wagons, flatbeds, car parts, and tools, from Property 1 and Property 2, unless these objects are completely enclosed in a building or are not visible from a public street.

In issue six, Narzynski complains the trial court erred by awarding attorney's fees because the only claim River Plantation prevailed on was under the statutory

13

public nuisance claim, and Narzynski argues the pleadings do not support a recovery of attorney's fees. In its Second Amended Petition and Application for Injunctive Relief, the Association sought attorneys' fees pursuant to applicable provisions of the declarations, the Texas Property Code, and the Texas Civil Practice & Remedies Code; this pleading also referenced attorneys' fees in a general prayer for relief. Although the Association sought to enjoin a public nuisance as permitted by section 343.013 of the Texas Health and Safety Code, it did not specifically request attorneys' fees as allowed under section 343.013(b). *See* Tex. Health & Safety Code Ann. § 343.013(a), (b). Narzynski contends that this alleged pleading defect precludes the Association from recovering its attorneys' fees, because it was not the prevailing party under the authorities by which it expressly sought recovery of its attorneys' fees.

The Association, conversely, argues that its pleadings provided fair notice that it was seeking attorneys' fees. It notes that it requested relief under Chapter 343 of the Texas Health and Safety Code, and that this chapter necessarily includes section 343.013(b), which allows the award of "reasonable attorney's fees and court costs." *Id.* § 343.013(b). During trial, Narzynski made only a global and general objection to the award of any attorney's fees because he claimed he had done nothing wrong. This general objection to paying any attorneys' fees falls short of the type of objection required to preserve appellant's current complaint for appellate review.

14

*See Olivarez v. Garza,* No. 13-20-00025-CV, 2021 WL 5364772, at *6 (Tex. App.—Corpus Christi-Edinburg Nov. 18, 2021, no pet.) (mem. op.); *see also* Tex. R. App. P. 33.1(a)(1).

The claim for attorney's fees under the public nuisance statute was tried by consent, and Narzynski cannot raise the alleged variance or pleading deficiency for the first time on appeal. *See Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) ("The party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal.").We conclude Narzynski has waived his appellate complaint of the trial court's decision to award attorney's fees pursuant to section 343.013(b). Narzynski also made no challenge at trial to the hourly billing rate, the reasonable and necessary number of hours billed, or the fees attributable to the Association's Health and Safety Code claim versus its remaining claims. Therefore, he has also waived those complaints. *See id.*; *see also Lawson v. Keene*, No. 03-13-00498-CV, 2016 WL 767772, at *5 (Tex. App.—Austin Feb. 23, 2016, pet. denied) (mem. op.). Accordingly, we overrule issue six and affirm the trial court's attorney's fee award.

Having addressed each of Narzynski's issues, we affirm the trial court's Order granting the Association's No-Evidence Motion for Partial Summary Judgment on

Narzynski's counterclaims and we affirm the trial court's Amended Final Judgment and Permanent Injunction, as modified.

AFFIRMED AS MODIFIED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on June 2, 2022
Opinion Delivered February 23, 2023

Before Golemon, C.J., Horton and Johnson, JJ.