**Affirmed and Opinion Filed July 18, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00881-CV

**DR. JAMES LANDERO, D.O., D/B/A LANDERO ENTERPRISES, Appellant**
**V.**
**FUTURE HEALTHCARE SYSTEMS, INC. AND CHRISTOPHER HELMS,**
**Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-12212**

## MEMORANDUM OPINION

Before Justices Reichek and Goldstein[1]
Opinion by Justice Goldstein

Appellant Dr. James Landero appeals the trial court's summary judgment on his claims against appellees Future Healthcare Systems, Inc. (Future Health) and its president Christopher Helms. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.2(a).

---

[1] The Honorable David J. Schenck, Justice, participated in the oral argument and submission of this case but not the issuance of the opinion, which occurred after the expiration of his term on December 31, 2022. *See* TEX. R. APP. P. 41.1(b) ("After argument, if for any reason a member of the panel cannot participate in deciding a case, the case may be decided by the two remaining justices.").

## BACKGROUND

In 2017, appellees provided marketing materials to Dr. Landero describing their "DOL program," a consulting program under which appellees offered to assist physicians in becoming credentialed with the U.S. Department of Labor to provide medical services to federal employees. On December 30, 2017, Dr. Landero signed a "Department of Labor Consulting Agreement" (Agreement) with Future Health. Under the Agreement, Dr. Landero was required to pay Future Health $120,000 in four monthly installments of $30,000 each. In return, Future Health would provide Dr. Landero a complete DOL training manual, all marketing materials, introduce Dr. Landero to DOL billing and compliance experts, provide certain training to Dr. Landero's staff and various other services. Dr. Landero made the first three payments under the Agreement but did not make the fourth. Rather, on May 1, 2019, Dr. Landero, through counsel, sent a letter to Helms claiming that Future Health had failed to provide the promised services. The letter demanded the return of the $90,000 Dr. Landero had paid to that point.

On August 19, 2019, Dr. Landero initiated the instant lawsuit, asserting claims for fraud, fraudulent inducement, breach of contract, negligent misrepresentation, gross negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act (DTPA). Dr. Landero sought his actual damages in the amount of $90,000, punitive damages, and attorney's fees. Dr. Landero also asserted that Helms was an active participant and conspirator in Future Health's tortious conduct

–2–

and sought to hold him personally liable under officer-liability and vicarious-liability theories.

On June 3, 2021, appellees filed a motion for no-evidence summary judgment. In the motion, appellees challenged every element of Dr. Landero's causes of action, the elements of Dr. Landero's claim for punitive damages, and each element of Dr. Landero's vicarious liability theories. Dr. Landero responded,[2] and the trial court held a hearing on the motion on July 23.[3] At the hearing, appellees argued that Dr. Landero's response was inadequate because it failed to "specifically point the Court or the Defendants to the evidence which supports each of the challenged elements, which it absolutely has to do." In response, Dr. Landero contended that appellees' interpretation of the summary judgment standard was incorrect and that he was "not required to say this particular evidence relates solely to this particular element." The trial court disagreed, stating: "That is not the requirement . . . . I see your summary,

---

[2] Dr. Landero's initial response and exhibits exceeded the page limit for filings under the January 5, 2021 General Order of the Dallas County District Courts to which the trial court was a signatory. Thus, On July 14, 2021, Dr. Landero filed a motion for leave to exceed the page limits. In the motion for leave, Dr. Landero explained that the original response was in thirteen-point font and, once reduced to twelve-point font, the response complies with the page limit. Dr. Landero requested that the court accept the original response or alternatively accept for filing the new response, attached to the motion for leave, which was in twelve-point font. Regarding the exhibits, Dr. Landero requested that the trial court accept the original exhibits for filing or alternatively grant him leave to cut certain pages out of the exhibit. The trial court granted the motion for leave without indicating which of the requested relief it was granting. For the purposes of this appeal, we will presume that the trial court accepted the original response and exhibits.

[3] The transcript of the summary judgment hearing was submitted as part of the record before us despite judicial precedent that recording of summary judgment hearings by court reporters is neither necessary nor appropriate to purposes of such summary judgment hearings. *See City of Houston v Clear Creek Basin Auth.*, 589 SW 2d 671, 677 (Tex. 1979). We recite the trial transcript solely to determine whether the issue of identified facts supporting the elements of each cause of action was actually presented to and considered by the trial court. *Id.*

I see your facts. There's compilation and citations to that, but you don't -- you haven't told the court how those facts specifically support each cause of action."[4] Ultimately, the trial court granted the motion without stating its basis. This appeal followed.

## DISCUSSION

In seven issues, Dr. Landero asserts that there are genuine issues of material fact on each of his causes of action, his claim for punitive damages, and his theories of vicarious liability. Appellees argue that the motion was properly denied both on the merits and due to the deficiencies in Dr. Landero's response. We need not address the merits of Dr. Landero's issues because we agree with appellees that Dr. Landero's response was deficient. *See* TEX. R. APP. P. 47.1

We review summary judgments de novo. *Freyer v. Lyft, Inc.*, 639 S.W.3d 772, 779 (Tex. App.—Dallas 2021, no pet.). Under rule 166a(i), a party may move for no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or no evidence of a defense on which an adverse party has the burden of proof at trial. *Id.* (citing TEX. R. CIV. P. 166a(i)). The trial

---

[4] The trial court also asked Dr. Landero's counsel whether, given the deficiency in the response, "is the remedy for that to grant a summary judgment, or is there some kind of motion that you can file for you to essentially do your response over to address that deficiency?" Counsel responded that the trial court has discretion to require another response but maintained that there was no deficiency. When the trial court orally granted the motion for summary judgment, it explained to Dr. Landero's counsel that "if you file any kind of motion for reconsideration or anything like that, I would encourage you to specifically match the facts with the law." Dr. Landero did file a motion for reconsideration, which the trial court denied by written order signed September 29, 2021. On appeal, Dr. Landero does not challenge the September 29 order. Therefore, the motion for reconsideration is not before us.

court may grant a no-evidence motion for summary judgment unless the nonmovant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the elements challenged by the motion. *Id.* at 779–80 (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

In determining whether a summary judgment respondent successfully carried its burden, neither this court nor the trial court is required to wade through a voluminous record to marshal respondent's proof. *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.). Thus, when presenting summary-judgment proof, a party must specifically identify the supporting proof on file that it seeks to have considered by the trial court. *Id.* Therefore, "in responding to a no-evidence motion for summary judgment, one must do more than itemize the evidence and then, in a section totally separate from the recitation of the evidence, offer general conclusions that the above evidence conclusively establishes each element of the plaintiff's claims." *De La Cruz v. Kailer*, 526 S.W.3d 588, 595 (Tex. App.—Dallas 2017, pet. denied). In other words, the nonmovant is "obligated to point out with specificity where in his filings there was evidence on each of the challenged elements of his claims." *Id.*

Here, Dr. Landero failed to meet his burden. Dr. Landero's response included sections entitled "Summary" and "Factual Background." In these sections, Dr. Landero set forth the facts of the case with specific citations to the exhibits attached to the response. After these sections are sections containing Dr. Landero's

arguments. However, none of the arguments include citations to any documents in the exhibits. These sections merely provide the applicable law and close with a conclusory statements that the elements were supported with evidence. For example, Section V of the response is titled "Defendants Committed Fraud and Fraudulently Induced Dr. Landero into Entering into the Contract." An introductory paragraph in Section V states that "Dr. Landero incorporates the above sections and in particular the factual background as if set forth herein." Subsections A, B, and C of Section V generally state the applicable law for fraud, fraud by nondisclosure, and fraudulent inducement respectively. None of these subsections apply the law to the facts of the case. Subsection D then states, in its entirety:

> As shown above: (1) Defendants made misrepresentations to Plaintiff; (2) the misrepresentations and omissions were material and were intended to induce Dr. Landero to purchase the goods and services and to make payments to Defendant FHS; and (3), were relied upon by Plaintiff in making the payments totaling $90,000.00 to Defendant FHS.

This pattern continues in each of the following sections of the response.

We conclude Dr. Landero failed to meet his burden in responding to appellees' no-evidence motion. The response does precisely what we have said is insufficient: it sets forth the evidence in one section and, "in a section totally separate from the recitation of the evidence, offer[s] general conclusions" that the evidence creates a genuine issue of material fact on each challenged element. *See De La Cruz*, 526 S.W.3d at 595; *Arredondo*, 198 S.W.3d at 238. It follows that a nonmovant's mere incorporation of previously outlined facts into an argument section is also

insufficient to meet the burden. *See Arredondo*, 198 S.W.3d at 238. Therefore, the issue is not *where* the nonmovant inserts the facts (whether by incorporation or repetition), but whether and to what extent the nonmovant applies the law to the facts in order to overcome the movant's challenge to a given element. We conclude that Dr. Landero's incorporation of the facts section of his response into the arguments section was insufficient to "specifically identify the supporting proof that [he sought] to have considered by the trial court." *See id.* The trial court was not required to sift through Dr. Landero's exhibits to determine what evidence supported which challenged element. *See id.*

## CONCLUSION

We overrule Dr. Landero's issues and affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210881F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DR. JAMES LANDERO, D.O.,
D/B/A LANDERO ENTERPRISES,
Appellant

No. 05-21-00881-CV     V.

FUTURE HEALTHCARE
SYSTEMS, INC. AND
CHRISTOPHER HELMS, Appellees

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-12212.
Opinion delivered by Justice
Goldstein. Justices Reichek
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FUTURE HEALTHCARE SYSTEMS, INC. AND CHRISTOPHER HELMS recover their costs of this appeal from appellant DR. JAMES LANDERO, D.O., D/B/A LANDERO ENTERPRISES.

Judgment entered this 18th day of July 2023.